

FILED
2/14/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
RP
HAK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| Charlene Y. Latham, Plaintiff<br>v<br>Keller Postman LLC, et al, Respondents | ) ) ) ) ) ) | Case No.: 1:25-cv-01432<br>Judge Georgia N Alexakis<br>Magistrate Daniel P. McLaughlin<br>Cat 2 Random Assignment<br>BC |

### PLAINTIFF'S 1st AMENDED PETITION TO STAY ARBITRATION

Before the court is Charlene Y. Latham, Petitioner, asking this court to stay proceedings in the American Arbitration Association Consumer Case 01-22-0004-6863.

Petitioner is a non-attorney litigator who initiated this case by using the postal service pursuant to cite. The Final Hearing scheduled for November 15 2024 was continued by order of the arbitrator to be conducted sometime on February 13 2025.

Petitioner learned the court intake process failed to file her case on or about February 3rd 2025; & amends the petition to by incorporating all relevant arguments in the attached original petition & amends to argue staying arbitration as follows:

Pursuant to the Federal Arbitration Act & other applicable laws a *stay* is reasonable where issues of contract/arbitration clause validity & arbitral subpoena enforcement exist.

### INTRODUCTION:

1. Approximately 2 years ago, arbitration was filed by Keller Postman LLC in response to Latham serving Keller Postman *et al* with a Notice of Lawsuit for legal malpractice & other damages.

2. Latham notified Keller Postman, *et al* of her claims arising from Keller Postman, *et al* settling (or otherwise failing to settle) her individual arbitration claim against Intuit Inc in a professional, responsible manner consistent with the rules of professional standards for Illinois Attorneys.

3. In the underlying arbitration Keller Postman presented several documents, including a Retainer Agreement ("contract"), that Latham argues was forged to permit Keller Lenkner LLC or Troxel Law LLP to settle her individual arbitration claim without her consent & against her interests; & altered to include a mandatory arbitration clause that is not legally enforceable & requires judicial review to determine validity of the entire contract or clause.

"[*US courts have repeatedly considered the language of arbitration clauses and found*

*that several provisions were substantively unconscionable, which rendered the entire arbitration clause unenforceable.*]" *Bain v. Airoom, LLC*, No. 1-21-001, 2022 Ill. App. LEXIS 241

4. Keller Postman LLC is not party to the contract; but argue during arbitration conference on January 27 2025 that Keller Lenkner is nothing more than a name change the law firm doesn't want to provide any business records to explain the name change. (see Exhibit cite Excerpt of Retainer Agreement)

"*The Federal Arbitration Act "reflects the fundamental principle that arbitration is a matter of contract." Rent-A-Center, West, Inc. v. Jackson, 561 U. S. 63, 67."* quoting *Coinbase v. Suski*, 602 U.S. ___ (2024)

**ARGUMENT:**

**I. Keller Postman LLC Does Not Have A Contract w/ Latham**

5. The contract Keller Postman ("KP") presented is between Latham, Keller Lenkner & Troxel Law. The law does not allow the clear language of the contract to imply rights to Keller Postman LLC. KP has refused to answer discovery including by providing business records proving the law firm simply went through a name change & not a corporate restructuring. KP has refused to answer a number of discovery requests for pertinent business records that are or should be in the law firm's possession (including settlement documents it signed with Intuit Inc against client interests).

\*\*\* "*The parties to an agreement are bound to arbitrate only those issues they have agreed to arbitrate, as shown by the clear language of the agreement and their intentions expressed in that language. Rauh*, 143 Ill. 2d at 387; *Flood*, 41 Ill. 2d at 94. *An arbitration agreement will not be extended by construction or implication. Flood*, 41 Ill. 2d at 94."
quoting the IL Sup. Ct. in *Salsitz v. Kreiss*, 198 Ill. 2d 1, 761 N.E.2d 724 (2001)

6. Latham objected to arbitration via Motion in the arbitration proceedings; the AAA's arbitrator determined arbitrability was the arbitrator's to decide despite Latham's arguments that contract validity & enforceability are the jurisdiction of the court to decide.

"...*a party who has not agreed to arbitrate will normally have a right to the court's decision about the merits of its dispute." Id., at 942. ... Id., at 944 (quoting AT&T Technologies, Inc. v. Communications Workers, 475 U. S. 643, 649 (1986); some alterations in original)*"

citing *Coinbase v. Suski*, 602 U.S. ___ (2024)

*"...Arbitration and delegation agreements are simply contracts, and, normally, if a party says that a contract is invalid, the court must address that argument before deciding the merits of the contract dispute. So too here. "If a party challenges the validity . . . of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that [arbitration] agreement." Ibid. (emphasis added)."*
*Coinbase v. Suski*, 602 U.S. ___ (2024)

**II. Arbitration must be stayed to address issues of Enforceability & Discovery**

7. Latham seeks a stay of arbitration so that she may petition this court for enforcement of the subpoenas the arbitrator allowed in appx April 2024 & other *Discovery* that Keller Postman has not answered in the past six months; (this includes asking the federal court to instruct Keller Postman LLC to answer the *Interrogatories* & provide copy of the "master settlement agreement" Keller Postman LLC alleges it entered into with Intuit Inc to settle Latham & hundreds of thousands of other clients' individual arbitration claims againt Intuit as a *mass action*).

8. Attached to this petition are excerpts of the retainer agreement showing the scope of representation & the arbitration clause. This retainer agreement does not comport with Illinois standards for such contracts; & Petitioner seeks a stay for this court to argue validity.

9. Petitioner argues that the mandatory arbitration clause is not transferable to Keller Postman LLC; or enforceable for a number of reasons she will argue (or withdraw as necessary) via separate legal actions in this case record pending enforcement of requested discovery.

*"Given that arbitration agreements are simply contracts, "'[t]he first principle that underscores all of our arbitration decisions' is that '[a]rbitration is strictly a matter of consent.'" Lamps Plus, Inc. v. Varela, 587 U. S. 176, 184 (2019) "*
quoting *Coinbase v. Suski*, 602 U.S. ___ (2024)

**III.  FEDERAL JURISDICTION IS PROPER FOR THIS PETITION**

10. This federal court is proper jurisdiction & venue for Latham's petition because:

   A. Keller Postman & Keller Lenkner are headquartered in Chicago IL;

   B. The underlying contract has a choice-of-law clause and No choice-of-law has

been made in the underlying arbitration;

C. The underlying contract asserts IL law as controlling law;

D. The parties have diversity of citizenship;

E. & Latham's claims against the Respondents are Federal Questions (such as Racketeering, Prohibited Bias & Constitutional Questions)

> "Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581–82 (2008) (quoting Moses H. Cone, 460 U.S. at 25, n. 32); see also Badgerow v. Walters, 142 S.Ct. 1310, 1314 (2022). An "independent jurisdictional basis" may derive from the underlying controversy. Vaden v. Discover Bank, 556 U.S. 49, 62, (2009)). Section 4 "instructs a federal court to 'look through' the petition to the 'underlying substantive controversy' between the parties—even though that controversy is not before the court. Badgerow, 142 S.Ct. 1310, 1314 (quoting Vaden, 556 U.S. at 62)."
> quoting Harry D. Leinenweber, United States District Court Judge in *Wallrich v. Samsung Elecs. Am., Inc*., No. 1:22-cv-05506, 2023 WL 5821234 (N.D. Ill. Sept. 12, 2023)

**CONCLUSION:**

11. Pursuant to *Spizirri* 2024, Latham initiates this request before the federal court to *stay* aribtration until contract validity or agreement to arbitrate is adjudicated; & to obtain federal court enforcement of the arbitrator allowed subpoenas prior to arbitral award.

*Smith v. Spizzirri*, 601 U.S. ___ (2024)

12. This petition was amended to ask the court for an ex parte stay of arbitration including the rescheduled Final Hearing on February 13 2025. Because the court's case processing system caused delays, Latham asks the court to enter an order staying arbitration retroactively to October 2024 when the case was first deposited with the court for intake.

Any arguments of bias, impropriety or other grounds for vacatur of the arbitral award will be made in this case record after the arbitration award is announced if a *stay* is not granted.

DATED: 02/10/2025                                  Submitted by:

/s/Charlene Y. Latham
101 N. Main St
Joplin MO 64801
Electronic Service to: Charlene272@hotmail.com
1+469-751-5068
(email to schedule calls)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies this 10th day of February 2025 the foregoing Plaintiff's 1st Amended Petition to Stay Arbitration was filed in the United States District Court for the Northern District of Illinois & served to the parties via the USPS/electronic mail.

DATED: 02/10/2025                                Submitted by:

/s/Charlene Y. Latham
101 N. Main St
Joplin MO 64801
Electronic Service to: Charlene272@hotmail.com
P: 1+469-751-5068
(email to schedule calls)

DocuSign Envelope ID: C9B5DB95-E343-40F7-98A5-CDF39D63BC83

**EXCERPT OF RETAINER AGREEMENT PRESENTED BY KELLER POSTMAN IN AAA ARBITRATION - SCOPE OF REPRESENTATION**

## TurboTax Consumer Fraud Claims
## Retainer Agreement

This agreement is between you, the client, on the one hand, and, on the other, Keller Lenkner LLC and Troxel Law LLP, the attorneys or us.

### 1. Scope of Representation

We will represent you to the best of our ability and comply with all professional standards of competence and integrity.

We agree to represent you in investigating and, if appropriate in the attorneys' opinion, filing an individual arbitration asserting consumer fraud and/or related claims against Intuit, Inc. d/b/a TurboTax, and, if appropriate, its subsidiaries or affiliates (collectively, the "Company").

The attorneys shall have no obligation to represent you in any other matter, and no obligation to handle any appeal of any decision in this matter. If we think it will help reach a successful resolution of your claims, we may also pursue resolution of your claims outside of or before initiating arbitration, including in court.

PETITIONER'S EXHIBIT A - EXCERPTS OF RETAINER AGREEMENT (scope & arbitration clause)

**EXCERPT OF RETAINER AGREEMENT PRESENTED BY KELLER POSTMAN LLC AS PART OF DISCOVERY IN AAA ARBITRATION - ARBITRATION CLAUSE**

## 12. Arbitration

In the event of any dispute, controversy, or claim between us (or our respective heirs, successors, assigns, or affiliates) arising out of, relating to, or in connection with your engagement of us (any of the foregoing, a "dispute"), you and we waive the right to seek remedies in court, including the right to a jury trial, and agree to submit said dispute exclusively to binding individual arbitration conducted by a single arbitrator subject to the rules of the American Arbitration Association ("AAA"). The arbitrator shall not have the authority to decide any claims as a class, collective, or representative action. The seat of the arbitration will be in Chicago, Illinois unless AAA determines that this location will impose undue hardship, in which case the location will be set by AAA. The parties will share the expense of arbitration equally, except that if you represent that this would impose an undue hardship, you will initially be responsible only for a filing fee equal to the amount that would be necessary to file your claim in court. In that

**KP008**

DocuSign Envelope ID: C9B5DB95-E343-40F7-98A5-CDF39D63BC83

event, the attorneys will advance the remaining fees and expenses on your behalf and the arbitrator will determine any additional amount you can pay without sustaining undue hardship. Threshold issues of arbitrability shall be decided by the arbitrator, including the scope of this agreement and whether a controversy or claim arises out of or relates to your engagement of us.

You are not required to agree to the above paragraph for us to represent you. If you do not want the above paragraph to apply, simply let us know within 30 days of signing this agreement by sending an email to taxfilingclaims@klclientservices.com indicating that you do not want the arbitration provision of this agreement to apply. The above paragraph does not apply if it is prohibited by the applicable attorney ethics rules.