UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois - Eastern Division

Charlene Y. Latham, Plaintiff

v                                       Case No.: 1:25-CV-01432

Keller Postman LLC, et al,   Respondents          Judge: Honorable Manish S. Shah

## PLAINTIFF'S MOTION TO DISQUALIFY JUDGE (Shah)

### *for Cause* pursuant to *28 U.S. Code § 455 & 28 U.S. Code § 144*

Plaintiff   Charlene Y. Latham comes before the court to motion United States District Judge Manish S. Shah be disqualified & otherwise recused from this case for *bias* (actual or the *appearance of* ) pursuant to *28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge;* & disqualification/recusal under *28 U.S. Code § 144 - Bias or prejudice of judge*.

Pursuant to the rules & standards of conduct controlling disqualification or recusal, Movant pleads Judicial Officer Shah engaged in conduct that infringes on the rights of the movant to deny Ms. Latham equal protection under the law; while skewing the court's favor towards her adversary, Keller Postman & it's majority Caucasian staff; & white male lead counsel/Partner, Benjamin Whiting.

Shah's decision to create a motion to enjoin & allege Latham presented it smacks of corruption; & can be perceived as racist, sexist & biased against Ms. Latham being a non-attorney. Shah's subversion of law and rules of this court are grounds to reassign this case to a neutral judge whose impartiality is unquestionable.

**BACKGROUND:**

Ms. Latham is a non-attorney practitioner of law who appeared before this court

petitioning the district court to *stay* arbitration between Latham & Keller Postman for good & lawful cause.

Based on federal law, this court owes Ms. Latham the requested relief of deciding contract validity, existence or enforceability to compel or bar arbitration; & enforce arbitral subpoenas/discovery matters based upon Federal Arbitration Act (FAA) Rules.

see *Spizzirri* 2024 & 9 U.S.C. § 7

Shah was assigned this case after a previous judicial officer Georgia N. Alexakis recused due to a personal relationship with one of the attorneys being sued.

Upon Shah's appearance in the case, he requested status report; & conducted a remote status hearing May 14 2025.

Only Keller Postman (through Benjamin Whiting et al) appeared as Defendants; Shah implied during the status hearing that he would not recognize the other Defendants (attorneys & law firms identified on the case's Civil Cover Sheet filed with this court's clerk on multiple occassions).

In addition to making statements that he would not recognize the other Defendants in this action because they are not respondents to the Petition to Stay Arbitration; or parties to the underlying arbitration, Shah advised that he would be "construing" or "interpreting" Ms. Latham's Petition to Stay Arbitration as a "Motion to Enjoin Arbitration".

Shah's conduct of immediately twisting Latham's Petition into a motion that has no basis in fact or law; & completely alters her pleadings to fit Sha's narrative is sufficient to plead Shah is biased against Latham & must recuse.

ARGUMENT:

Movant argues for Judicial Disqualification/Recusal with immediate transfer of this motion & case to a neutral and detached judge is warranted by Shah's wild twisting of Latham's legal position & pleading.

Federal law only requires that a reasonable person made knowledgeable about the facts/issues at hand would believe that Shah is or appears to be biased in a manner that prejudices the movant's right to an impartial judge in order to grant disqualification.

Shah has injected himself in the legal proceedings in a manner that has totally removed Latham's legal posture (requesting a stay of arbitration for good cause) & replaced it with his own (requesting arbitration be enjoined/barred).

Injecting himself, his legal posture & beliefs or theories into the case is a violation of the judicial code of conduct requiring the judge be neutral. But, it also biased in that it gives Latham's adversary, Keller Postman, a defense or stronger defense to Latham's Petition.

In addition to giving the movant's opponent a stronger legal defense, Shah has vexed the legal proceedings to cause Keller Postman to respond to Latham's Petition to Stay by arguing a defense to Shah's "motion to enjoin".

This vexatious conduct increases the cost & hassle of litigation where Latham is not only required to file motion & affidavit to recuse Shah, but she also has to reply to a moot opposition to enjoin arbitration when her Petition is strictly for staying arbitration to compel discovery & obtain other judicial relief owed to her by this district court.

This Motion & attached Affidavit are timely & conform to the standards of the rules:

### The Standard for Disqualification/Recusal under *§ 455*

*"'[A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'"*

*United States v. Hartsel, 199 F.3d 812, 820 (6th Cir. 1999)
(quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990))
(modifications in original)*

*" ... Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."*

quoting *28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge (a)*

### The Standard for Recusal Under *§ 144*

*"A Motion to Recuse filed under 28 U.S.C. 144 is aimed at recusing a judge for actual bias, as well as the appearance of impropriety*." *Elso*, 2010 W L 5013875

quoting *28 U.S.C. § 144* provides that *"[... a judge should recuse himself when a party has filed a "timely and sufficient affidavit" showing the judge has "a personal bias or prejudice" against the party or in favor of an adverse party. The statute requires that another district court judge be assigned to hear the matter if the movant establishes both that the disqualification motion is timely and the party's affidavit is legally sufficient. ...]"*

Movant has attached hereto an Affidavit as required by *28 U.S. Code § 144* ; The entirety of the *§ 144 Affidavit* attached to this motion is included herein, in full & as though it was retyped for the purpose of this motion.    The Affidavit is timely & legally sufficient where it was filed within 30 days of learning that Shah's bias has caused the Defendant to misconstrue the Petition before the court as a legal brief that Latham did not present (a Motion to Enjoin Arbitration).

   This affidavit swears to the details that Shah created a Motion to Enjoin by his own whim & completely without any authority or consent to do so; and then has attempted to

replace Latham's Petition to Stay Arbitration with his oral Motion to Enjoin Arbitration. And since having attempted to convert Latham's 1st Amended Petition to Stay Arbitration into a Motion to Enjoin Arbitration, Shah has created his own legal theories or arguments on the Motion to Enjoin & injected them into the proceedings as though his legal arguments are those of the Plaintiff's by instructing Keller Postman to respond to Shah's motion to enjoin arbitration instead of responding to Latham's Petition to Stay Arbitration.

see *Defendant's Opposition Brief pg 4 (2nd paragraph, 2nd sentence)* filed May 23 2025

**CONCLUSION:**

Shah's conduct of intentionally misconstruing Latham's legal pleadings to fit a narrative he created is clear evidence of misconduct that prejudices Latham's right to a fair & impartial judge.

Bias or the appearance of bias exists whenever a judicial officer injects themselves into the proceedings to present their own legal arguments or theories as though providing legal advice to any party.

In this proceeding, Shah has given Keller Postman another opportunity to skirt answering arbitral subpoenas it has refused to answer; & avoid being exposed by arbitral discovery against third parties that will show Keller Postman did, in fact, forge Latham's signature on a retainer agreement & acted with self interest while representing her against Intuit in consumer arbitration.  This is clearly improper conduct that prejudices Plaintiff's legal position.

Without Shah's illegal activity of changing Latham's pleadings to something completely different than what she presented the court, Keller Postman had no

reasonable/lawful arguments to oppose staying arbitration to compel discovery & assess contract validity.

During the status hearing where Shah advised that he would be misconstruing Latham's Petition to Stay Arbitration (a temporary suspension of arbitration) into a Motion to Enjoin Arbitration (a permanent prohibition/bar of arbitration) without any lawful reason, Shah commented that Latham would need to "persuade" him into providing the relief she requested in a tone of voice Latham argues implies he was soliciting a bribe or other irregular compensation in order for him to accept & adjudicate her petition lawfully as it was presented.

With the Chicago based Judiciary being known as a hotbed of corruption, Latham argues for recusal that Shah's "tone of voice" when instructing Ms. Latham that she would "have to persuade [him]" to hear her Petition to Stay Arbitration as she presented it to the court, instead of how he mangled it into a Motion to Enjoin that favors her opponents,   is legal grounds to recuse Shah based on *Bracy* rules, also.

see *Bracy v Gramley* 520 U.S. 899 (1997)

To protect the constitutional assurance that every litigant in an American Court be afforded the right to a fair & impartial judge & without further delays, expenses, hassles & burdens created by Shah under the color of law or office, Plaintiff hereby motions to disqualify & remove Shah *for cause*.

DATED: 05/23/2025
Submitted (without waiver of any rights, privileges, objections or protections afforded the Plaintiff) by:                                                         /s/Charlene Y. Latham, plaintiff

101 N. Main St
Joplin MO 64801

Electronic Service to: Charlene272@hotmail.com
1+469-751-5068
(email to schedule calls)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies this 23rd day of May 2025 the foregoing

PLAINTIFF'S MOTION TO DISQUALIFY JUDGE (Shah)

*for Cause* pursuant to *28 U.S. Code § 455 & 28 U.S. Code § 144*

was filed in the United States District Court for the Northern District of Illinois & served to the parties using the Court's CMECF system.

DATED: 05/23/2025            Submitted by:   /s/Charlene Y. Latham

101 N. Main St
Joplin MO 64801
Electronic Service to: Charlene272@hotmail.com
P: 1+469-751-5068
(email to schedule calls)