UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE LATHAM, <br><br> Petitioner, <br><br> v. <br><br> KELLER POSTMAN, LLC, <br><br> Respondent. | No. 25 CV 1432 <br><br> Judge Manish S. Shah |

## ORDER

Petitioner's motion to disqualify [25] is denied. The petition to stay arbitration [1] is dismissed for lack of jurisdiction. Enter judgment and terminate civil case.

## STATEMENT

Petitioner Charlene Latham initiated this action to stay ongoing arbitration proceedings between Keller Postman, LLC and Latham. She wants to pause the arbitration, which began about two years ago, so that she can ask a federal court to enforce arbitral subpoenas and pursue discovery to challenge the validity of the purported arbitration agreement that is the predicate for the ongoing hearing. [6].[1] Closing arguments in the arbitration were scheduled for May 29, 2025. [18] at 5. But now the arbitration is scheduled for a status conference on June 24, 2025. [24] at 13; [24-3] at 6. Although Latham alludes to potential claims or relief against other parties, the pending arbitration is solely between Keller Postman and Latham.

Latham moves to disqualify me under 28 U.S.C. §§ 144, 455. [25]. A district court can deny a § 144 motion if the moving party fails to satisfy the statute's strict procedural demands. *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020). Section 144 requires a party's affidavit to be accompanied by a certificate of counsel of record stating that the affidavit is made in good faith. 28 U.S.C. § 144. Latham is unrepresented and no certificate of counsel accompanies her affidavit. *See Walton v. First Merchants Bank*, No. 1:17-cv-01888-JMS-MPB, 2020 WL 5544085, at *1 (S.D. Ind. Sept. 16, 2020) (pro se status does not excuse non-compliance with § 144). The § 144 motion is denied for failure to comply with the statute's procedural requirements.

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

Section 455 provides another avenue to seek disqualification. "The substantive standard for bias or prejudice is the same under § 144 as it is under § 455(b)(1)." 13D Wright & Miller, Fed. Prac. & Proc. Juris. § 3551 (3d ed.). To obtain a judge's recusal under § 455(a), a party must show "that a judge's impartiality might be questioned by a reasonable, well-informed observer." *United States v. Herrera-Valdez*, 826 F.3d 912, 917 (7th Cir. 2016). Under § 455(b)(1), the question is whether a reasonable observer would conclude that the judge was biased. Bias must be proven by compelling evidence, grounded in some form of personal animus that the judge harbors against the litigant. Ordinary efforts at courtroom administration are immune from charges of bias or prejudice. *Barr*, 960 F.3d at 920; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994).

Latham argues that my description of her petition as a motion to enjoin arbitration and a statement I made about being "persuaded" reveal bias, prejudice, or misconduct on my part. At a status conference, in response to Latham's comment that her request to stay arbitration was so that she could get other protections from a federal court, I said that if I were persuaded that I should stop the arbitration, then there might be an opportunity to pursue more relief, but the threshold question was whether I should stop the arbitration or interfere with what was happening in the arbitral forum. These comments, made in the context of an initial status conference to set a briefing schedule, reveal no bias on my part. Stays and injunctions are related concepts. *See e.g., PaineWebber Inc. v. Farnam*, 843 F.2d 1050, 1051 (7th Cir. 1988) (stay of arbitration pending appeal requires irreparable injury); *Cook Cnty., Illinois v. Wolf*, 962 F.3d 208, 221 (7th Cir. 2020) (stay of agency action pending review evaluated with same standards as a preliminary injunction); *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019) (standard for a stay of extradition pending review is much like a preliminary injunction or temporary restraining order). An order to stay, even temporarily, an ongoing arbitration hearing is a kind of injunction.[2] And the reference to being persuaded was merely a comment about the sequence of decisions to be made. No reasonable, well-informed observer would question my impartiality. The motion to disqualify is denied.

Latham's petition invokes diversity jurisdiction under 28 U.S.C. § 1332.[3] [6] at 4. The underlying dispute between Latham and Keller Postman is about an alleged attorney-client relationship between Latham and the firm—issues of state-law contract and fiduciary duties. Latham's citizenship is based on her state of domicile. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Keller Postman's citizenship is based on the citizenship of every member of the LLC. The

---

[2] *See Trustmark Ins. Co. v. John Hancock Life Ins. Co. (U.S.A.)*, 631 F.3d 869, 871 (7th Cir. 2011) (reviewing a suit to enjoin, *i.e.*, stay, further arbitration).

[3] The Federal Arbitration Act does not confer subject-matter jurisdiction; access to a federal forum requires an independent jurisdictional basis over the parties' dispute. *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009).

party asserting jurisdiction must identify the citizenship of each of the LLC's members (and if those members have members, the citizenship of those members as well). *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). The petition, [6] at 3–4, does not adequately allege the citizenship of the parties, so diversity jurisdiction does not support this court's authority over the dispute. Latham asserts a federal-law racketeering counterclaim in the arbitration. [24-2] at 48–61; [24-3] at 4 (granting leave to file counterclaim against Keller Postman). In the context of suits seeking to compel arbitration, "[i]t does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009). This case isn't a § 4 petition. Nevertheless, the alleged federal-law claim is not part of the controversy between the parties presented to this court. Latham wants to pause the arbitration so that she can pursue subpoena enforcement and challenge the validity of the purported contract between Keller Postman and Latham. [6] at 2–3. Those aren't federal-law claims; the underlying dispute here is one of state-law contract. To invoke the subject-matter jurisdiction of a federal court, Latham needed to adequately allege the citizenship of the parties. She has not done so; the case is dismissed for lack of jurisdiction.

For completeness, I address Latham's requested relief.[4] She is not asking this court to address or adjudicate the merits of her claims; she only wants a temporary pause in arbitration so that she can file actions to enforce subpoenas, compel discovery, or litigate the validity of the retainer agreement. A court-ordered temporary suspension of arbitration is a form of preliminary injunctive relief. It requires a showing of irreparable harm and a balance of equities in the movant's favor. The arbitration has been pending for a couple of years now, and Latham has participated in lengthy hearings. *See* [24-5]. The arbitration is nearing its end, and she will have an opportunity for post-arbitration relief. Ordinarily, the time to challenge an arbitration is when it's over. *See Smith v. Am. Arb. Ass'n, Inc.*, 233 F.3d 502, 506 (7th Cir. 2000). Latham's request for a pause while she pursues other interlocutory relief is unwarranted. Given her extensive participation in the arbitration hearing, she is not now irreparably harmed by seeing it through to completion.[5] From the draft transcript Latham submitted, [24-5], it appears that all

---

[4] A court without jurisdiction should not address the merits of a dispute. But since Latham does not seek an adjudication of the merits, only temporary relief, resolving her motion does not result in an advisory opinion.

[5] The quality of her filings in the underlying arbitration suggests that she has not been stymied to her detriment there and has ably presented her arguments. Latham seems to have some experience litigating in different courts, so the arbitration does not present an extraordinary hurdle for her. *See Latham v. Trump*, No. 9:20-cv-82157-WPD (S.D. Fla.); *Avenue East Apartments LLC v. Latham*, No. 5:25-cv-00177-G (W.D. Okla.); *Latham v. Jasper County Missouri*, No. 3:25-cv-5023-BCW (W.D. Mo.); *Latham v. The 1953 Trust*, No. 1:20-cv-07102-LLS (S.D.N.Y.).

parties to the arbitration are eager to finish it. Interrupting it imposes burdens on the arbitrator and Keller Postman that outweigh any harm to Latham.

    I decline to stay the arbitration.

ENTER:

Date: May 27, 2025

                          Manish S. Shah
                          U.S. District Judge